UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RADCLIFFE RAMNATH, as Administrator
of the Estate of CHANDRA SOOGRIM,
RILEY CHANDRA CAMILLE RAMNATH,
an infant under the age of fourteen years old,
and RADCLIFFE RAMNATH, individually,

                                                **MEMORANDUM & ORDER**
              Plaintiffs,            08CV2196(NGG)(MDG)

    - against -

THE UNITED STATES OF AMERICA and
ST. JOHN'S EPISCOPAL HOSPITAL,

              Defendants.
----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

This civil action was originally filed in state court and subsequently was removed to this court by motion of Defendants on May 30, 2008. (Docket Entry #1.) The basis of removal was that Defendants Drs. Gertrudes Jactino-Francisco and Rosita Ulep ("Defendant Doctors") are employees of Defendant Joseph P. Addabbo Family Health Center, a federally supported health center and a covered entity under the Federal Tort Claims Act ("FTCA"). As such, Defendant Doctors are deemed to be employees of the United States for purposes of the FTCA and the action may be removed because the Complaint asserts claims against the United States which arise under federal law. (Id. at 2-3.) See 28 U.S.C. § 2679(d); 42 U.S.C. § 233(c).

On June 10, 2008, the parties submitted a Stipulation and Order of Partial Dismissal for the court's approval in which they agreed that Plaintiffs had failed to exhaust their administrative remedies under the FTCA and that, as a result, all claims against party-defendant United States should be dismissed without prejudice. (Stipulation and Order of Partial Dismissal ("Stip.") at 2-

1

3 (Docket Entry #2).) The parties also agreed that all claims against Defendant Womens' Health and Medical Office would be withdrawn and dismissed without prejudice, but that nothing in the Stipulation and Order "shall in any way effect, abrogate, impair, or otherwise resolve Plaintiffs['] claims against Defendant St. John's Episcopal Hospital, or any other party to this action." (Stip. at 4.)

By letter dated June 10, 2008, the United States requested that the remaining claims be remanded to state court given that the court did not have original jurisdiction to entertain the unexhausted FTCA claims. (See June 10, 2008 letter to the court (Docket Entry #3) at 1-2 & n.1.) Plaintiffs have not opposed this request.

The court agrees that it does not have jurisdiction over unexhausted FTCA claims, see Deutsch v. Federal Bureau of Prisons, 737 F. Supp. 261, 266 (S.D.N.Y. 1990), and that, as such, it cannot exercise supplemental jurisdiction over any remaining state-law claims asserted in the Complaint, see 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution); see also Rodriguez v. United States, No. 01 CV 4975(ILG), 2001 WL 1590516, *2 (E.D.N.Y. November 30, 2001) ("Because there is no subject matter jurisdiction under the FTCA for the claims against the government, there was no proper basis for original jurisdiction in this case. The Court therefore cannot exercise supplemental jurisdiction over the claim asserted against Lutheran. Thus, that claim must be remanded to the New York Supreme Court, Kings County.").

Accordingly, all remaining claims in this action are remanded to the Supreme Court of the State of New York for further proceedings with respect to the remaining Defendants in this case.

SO ORDERED.

Dated: August 18, 2008
Brooklyn, NY

s/Nicholas G. Garaufis
_____
Nicholas G. Garaufis
United States District Judge